UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Michele Leah Nolan<br>                          Debtors(s)<br>Michelle Leah Nolan<br>                          Movant<br>v.<br>Toyota Motor Credit Corp<br>                          Respondent<br>and<br>Interlink Recovery Services, LLC<br>                          Additional Respondent | BK NO. 20-21606-jad<br><br>CHAPTER 7 |

**RESPONSE IN OPPOSITION TO MOTION OF MICHELLE LEAH NOLAN FOR SANCTION AND FOR TURNOVER OF PROPERTY**

Toyota Motor Credit Corporation ("Respondent"), by its Attorney, Leopold & Associates, PLLC, submits to this Court the within response to Debtor's Motion for Sanctions for Willful Violation of the Automatic Stay and For Turnover of Property:

1. A Chapter 13 petition was filed on February 18, 2020 by Debtors Michelle Leah Nolan and Shawn Patrick Nolan.

2. The Debtor's Chapter 13 case was split into two cases on May 22, 2020, and the split cases were both subsequently converted into Chapter 7 proceedings on June 15, 2020. Debtor Michelle was assigned a new docket number, 20-21606. On June 15, 2020 Ronda J. Winnecour was terminated as Trustee over the newly docketed case, and Rosemary C. Crawford was appointed Trustee in her place.

3. Debtor Michelle Leah Nolan filed a statement of intent on June 29, 2020. In that statement, she expressed her intent with regard to the 2020 Toyota was to "retain and keep making payments."

4. Debtor's first Meeting of Creditors was held and closed on July 27, 2020.

5. The essential element of what took place last week is that when the debtor opted to "ride through" and not reaffirm her vehicle loan when she was behind in payments, she did so at her own peril. "A debtor in a Chapter 7 case has three options when dealing with personal property that is subject to a lien: (a) she can reaffirm the indebtedness under Section 524 of the Bankruptcy Code; (b) she can redeem the vehicle by paying the lender the full amount of its secured claim, pursuant to section 722 of the Bankruptcy Code; (c) she can surrender the vehicle, pursuant to section 521(a)(2) and (a)(6)." In re Law, 497 B.R. 843, 850 (Bankr. N.D. Tex. 2013).

6. Prior to BAPCPA, a Chapter 7 debtor did not have choose any of the above options as long as they remained current on their payments. *See* In re Price, 370 F3d. 362, 364 (3d. Cir. 2004). It was dubbed "riding through" because by staying current on a secured debt, debtors could avoid any of the above options and allow the debt to ride through the case unscathed.

7. There is no question that the changes to 521 and the addition of 362(h) eliminated the ride through concept. *See* In Re Ertha Rice, 2007 WL 781893 (Bankr. EDPA 2007), In re Miller 443 B.R. 54 (Bankr. D. Del. 2011).

8. Further, 362(h) states that the stay will be terminated and the property will no longer be property of the estate if the debtor fails to timely file a statement of intent to surrender, redeem, or reaffirm within the applicable time limit set by 11 USC 521(a)(2). 11 USC 362(h).

9. The applicable time limit established under 11 USC 521(a)(2)(A) states that "within thirty days after the date of the filing of a petition under chapter 7 of this title [11 USC 701] or on or before the date of the meeting of creditors, whichever is earlier, or within such

additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;"

10. The debtor's statement of intent did not contain their intent to surrender, redeem, or reaffirm as the only allowed options under the code. Instead the debtor selected their own option which stated language similar to the old ride through language by stating "retain and make payments."

11. The intention submitted by the debtor was statutorily deficient and was also not clear as the debtor failed to select one of the statutory options, and because the debtor was 4 months in arrears on the existing agreement the statement "retain and make payments" provided no substance.

12. As the debtor had failed to submit a statement of intention with respect to the vehicle within the 30 days from the petition filed date pursuant to 11 USC 521(a)(2)(A), the stay was terminated by 11 USC 362(h)(1) on July 15, 2020.

13. Respondent's action taken on or about August 20, 2020 with respect to the collateral was taken after the expiration of the stay pursuant to 11 USC 362 (h)(1) and was an action that within their rights as a secured creditor under the Code.

WHEREFORE, Respondent prays that the Court 1) deny the motion for sanctions; 2) deny the motion to turnover property; 3) permit Respondent to maintain possession of the vehicle and 4) other relief as the court deems just.

Date: August 25, 2020

/s/ *Fred W. Freitag, IV*, Esquire
By: Fred W. Freitag, IV, Esquire
Attorney ID No. 61770
Leopold & Associates, PLLC
80 Business Park Drive, Suite 110
Armonk, New York 10504
(914)-219-5787
Attorney for Respondent