FILED
3/26/21 5:58 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHELE LEAH NOLAN, | ) | Bankruptcy No. 20-21606-JAD |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | X | |
| | ) | Related to ECF Nos. 76, 97, 99, |
| TOYOTA MOTOR CREDIT CORPORATION, | ) | 59 & 94 |
| | ) | |
| | ) | |
| Movant, | ) | |
| - v - | ) | |
| | ) | |
| MICHELE LEAH NOLAN, | ) | |
| | ) | |
| Respondent. | ) | |
| | X | |

## MEMORANDUM OPINION

The matter before the Court are *Motions (and an Amended Motion) for Relief of Final Order* filed at ECF Nos. 76, 97 and 99 (collectively, the "Motion"). This Motion seeks *vacatur* of a prior order of this Court dated October 13, 2020 and filed at ECF No. 59, which approved a reaffirmation agreement by and between Ms. Nolan and Toyota Motor Credit Corporation ("Toyota").

The Motion also seeks *vacatur* of a default order entered by the Court on February 25, 2021 and filed at ECF No. 94 which granted Toyota's *Amended Motion to Strike Recission of the Reaffirmation Agreement*.

The net effect of the Motion is that if the Court grants the Motion, the reaffirmation agreement between Ms. Nolan and Toyota is of no effect and any obligations remaining due Toyota are dischargeable *in personam* claims in this

bankruptcy case.

The record of this case is that Toyota allegedly violated the automatic stay and repossessed a motor vehicle because Ms. Nolan fell behind in payments. Ms. Nolan then commenced proceedings before this Court to recover the vehicle and hold Toyota responsible for damages and attorneys fees occasioned by the alleged stay violation.

Instead of fully litigating the alleged violation of the automatic stay, the parties resolved their differences by entering into a reaffirmation agreement whereby Ms. Nolan would resume making payments to Toyota and Toyota would return the car to Ms. Nolan.

After the reaffirmation was approved, its undisputed that the car was returned to Ms. Nolan. However, Toyota then repossessed the vehicle again because Ms. Nolan had a pre-existing default of her payments to Toyota.

According to the papers filed by the parties, the defaults included the sums past due Toyota when the reaffirmation was approved. Toyota even further averred in its papers that repossession was appropriate because the reaffirmation agreement did not provide for the "curing" of any defaults to Toyota. See *Toyota's Response to Debtor's Motion for Relief From Final Order* (ECF No. 104) at para. 4 (stating "Neither the settlement agreement nor the reaffirmation agreement stated that the vehicle loan would be brought current").

Thus, according to Toyota, when the reaffirmation agreement was approved

by the Court, Ms. Nolan was automatically in default. As such, Toyota was in the proverbial "drivers seat" and Toyota could proceed against Ms. Nolan and her automobile at Toyota's pleasure. This position of Toyota is absurd.

The record reflects that when the Court approved the reaffirmation agreement, it was expressly represented to the Court that Ms. Nolan would be afforded the opportunity to cure the existing defaults to Toyota. Counsel for Ms. Nolan even represented to the Court at the October 13, 2020 hearing on the reaffirmation that "[t]he way Toyota wished to resolve that [i.e., the automatic stay violation] was with this reaffirmation agreement which cures the arrears." See *October 13, 2020 Transcript* (ECF No. 86) at p. 2.

The undersigned was the judge that presided at the October 13, 2020 hearing. The Court certainly would ***NOT*** have approved the reaffirmation agreement on October 13, 2020 had the Court had been apprised or known that counsel's representation was erroneous. It is ludicrous to think, believe, or argue that this Court would approve a reaffirmation agreement in which one of the parties would be automatically in default once the ink dries on the Court's order.

Accordingly, accepting all of Toyota's rendition of the facts as being true, and reviewing the record made before this Court, it is obvious that approval of the reaffirmation agreement in the first instance was a mistake warranting *vacatur* pursuant to Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b)(1). See, e.g., In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003)(providing that Rule 60(b)(1) relief is

appropriate to correct judicial errors of law or fact).

The Order of February 25, 2021 should also be vacated as it was improvidently and mistakenly entered by default.[1] The record reflects that before the February 25, 2021 order was entered, Ms. Nolan had filed her Motion, which in fairness the Court should have treated as an opposition to the dueling *Motion to Strike Rescission of Reaffirmation Agreement.*

Consequently *vacatur* is warranted pursuant to Fed.R.Civ.P. 60(b)(1) due to mistake and pursuant to Fed.R.Civ.P. 60(b)(6) because it would be an inappropriate windfall to Toyota to permit the reaffirmation and related orders to remain in place. It would also be an injustice to Ms. Nolan to not vacate the same.

For the reasons stated above, an Order shall therefore be entered that grants the Motion and which vacates the orders found at ECF Nos. 59 and 94. To the extent any hearing has been scheduled on this matter, such hearings are also cancelled as the Court has decided this matter on the pleadings and record duly made in this bankruptcy case.

March 26, 2021

                                           The Honorable Jeffery A. Deller<sup>mas</sup>
                                           United States Bankruptcy Judge

cc:    Keri P. Ebeck, Esquire
        Dai Rosenblum, Esquire

---

[1] Default judgments are also disfavored, and as set forth above, good cause exists to set aside the default order pursuant to Fed.R.Civ.P. 55(c) as incorporated into bankruptcy matters pursuant to Fed.R.Bankr.P. 7055.